John Reeves



# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

February 6, 1968

Hon. Robert S. Calvert
Comptroller of Public
  Accounts
Austin, Texas

Opinion No. M-198

Re: Construction of Sec-
tion 8(C) of Article
678f, Vernon's Civil
Statutes, relating to
the certification by
the Comptroller that
a contract awarded by
the State is not in
excess of the amount
available for such
project.

Dear Mr. Calvert:

    Your request for an opinion reads as follows:

    "The Comptroller of Public Accounts
respectfully requests your official opinion
in regard to the question stated hereinbelow.

    "Section 8(C), Article 678f of the State
Building Construction Administration Act pro-
vides pertinently as follows:

        "'Subject to the applicable
provisions of other law respect-
ing the award of State contracts,
the contract or contracts shall
be awarded to the qualified bid-
der making the lowest and best
bid; but no contract shall be
awarded for a sum in excess of
the amount which the Comptroller
shall certify to be available
for such project . . .'

    "Under normal administrative proce-
dures a proposed contract award for a pub-
lic works project is forwarded to the Comp-
troller for certification of funds available
therefor from State appropriations. In the
instance in which adequate State funds have

- 952 -

been appropriated for the complete per-
formance of the project the Comptroller
certifies on the proposed contract award
that sufficient funds are available for
the contract, whereas in the event State
appropriations are less than the proposed
contract price the certification states
the exact amount available for the project.

"The Comptroller has received requests
for payment of claims under construction
contracts which were awarded:

1) Without requesting the
Comptroller's certifications but
for which there were sufficient
funds available to pay the face
amount of the contract; and

2) Without requesting the
Comptroller's certifications, but
for which the funds available were
insufficient to pay the face amount
of the contract; and

3) For an amount in excess of
the funds which were certified to be
available for the contract.

"In view of the foregoing, your official
opinion is requested whether the Comptroller
may make progress payments or pay other claims
pursuant to an awarded public works contract
under each of the circumstances listed above."

The provisions of Section 8(C) of Article
678f, Vernon's Civil Statutes, quoted in your request,
were construed in Attorney General's Opinion No. M-177
to authorize the Comptroller to execute certifications
provided therein when the amount of State funds appro-
priated by the Legislature, together with the amount of
Federal funds approved and obligated for such project,
is equal to or exceeds the amount of the awarded con-
tract. It was further held that State funds may be ex-
pended by progress payments until the appropriation has
been exhausted.

Under the facts stated in your first question,

there were sufficient funds available to pay the amount
of the award, therefore, such award created an obliga-
tion binding on the State and you are authorized to make
payment of claims under such contract. However, as good
business practice, the Comptroller's certificate that
sufficient funds are available, should be secured before
the contract is awarded.

Under the facts stated in your second and third
questions, funds available for such projects were insuf-
ficient to pay the amount of the award. Section 8(C) of
Article 678f, Vernon's Civil Statutes, specifically pro-
vides, ". . . no contract shall be awarded for a sum in
excess of the amount which the Comptroller shall certify
to be available for such project, . . . ." Thus, where
an award is made in excess of the amount available to
pay the award, such award is made in violation of Sec-
tion 8(C) of Article 678f and does not create an obliga-
tion binding on the State. Fort Worth Cavalry Club v.
Sheppard, 125 Tex. 339, 83 S.W.2d 660 (1935); State v.
Ragland Clinic - Hospital, 138 Tex. 393, 159 S.W.2d 105
(1942); Nichols v. State, 32 S.W. 452 (Tex.Civ.App. 1895,
error ref.); State v. Perlstein, 79 S.W.2d 143 (Tex.Civ.
App. 1935, error dism.); State v. Steck Co., 236 S.W.2d
866 (Tex.Civ.App. 1951, error ref.).

Therefore, in making a contract governed by
the provisions of Section 8(C) of Article 678f, Vernon's
Civil Statutes, the officers of the State can exercise
only those powers conferred on them by law; and if the
award is made in excess of the amount available for such
project, no legal liability exists against the State.
See authorities cited above. Under such circumstances,
the Comptroller is not authorized to make progress pay-
ments by reason of the unenforceable contract.

S U M M A R Y

When an award for construction projects
is made pursuant to the provisions of Section
8(C) of Article 678f, Vernon's Civil Statutes,
and such award is not in excess of the amount
available for such project, progress payments
for payment of claims under such construction
contracts may be paid. Whenever an award for
construction projects governed by the provi-
sions of Section 8(C) of Article 678f, Vernon's
Civil Statutes, is made for a sum in excess of

the amount available for such project, such
award does not create a legal obligation
against the State and the Comptroller is not
authorized to issue warrants in payment of
claims under such unenforceable contract.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
W. V. Geppert
W. O. Shultz
Neil Williams
James McCoy

EXECUTIVE ASSISTANT
A. J. Carubbi, Jr.